El Pueblo de Puerto Rico, demandante y apelado, *v.* Alfonso León Jiménez, acusado y apelante.

Núm. 6339.—*Sometido:* Enero 13, 1937. *Resuelto:* Enero 20, 1937.

*R. Díaz Cintrón,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Alfonso León Jiménez fué denunciado por haber infringido una orden de la Comisión de Servicio Público, como sigue:

"Que en 1 de oct., 8 A. M. de 1935, y en la Ave. Ponce de León, Pda. 18½ de Santurce, del Distrito Judicial Municipal de San Juan que forma parte del Distrito Judicial de San Juan, P. R., el referido acusado, Alfonso León Jiménez, allí y entonces, ilegal, maliciosa y voluntariamente, violó lo dispuesto en la Orden Final de la Comisión de Servicio Público de octubre 15, 1932, la que fué publicada por medio de edictos en los periódicos 'La Correspondencia de Puerto Rico', en octubre 18, 1932 y 'La Democracia' en octubre 19, 1932, enmendada en marzo 19 de 1935 y el artículo 95 de la Ley de Servicio Público de Puerto Rico, según quedó enmendada por la Ley núm. 2 de mayo 7, 1927; porque mientras manejaba el automóvil P.1113, de su propiedad por la Ave. Ponce de León, Pda. 18½, que es un camino público, con dirección a Río Piedras, actuaba como compañía de servicio público en la ruta de San Juan a Río Piedras,

mediante paga de 5 y 10 centavos por asiento, habiendo cogido al pasajero José Mulinelly en San Juan, quien se quedó en la Pda. 18½, pagando cinco centavos y a Evaristo Cruz a quien cogió en la Pda. 15 y lo llevaba hasta Río Piedras, mediante paga de 10 centavos; sin tener para ello un certificado de necesidad y conveniencia u otra autorización válida alguna para servir dicha ruta, no obstante estar ésta servida exclusivamente por la compañía de servicio público, 'White Star Bus Line', que es la única que está autorizada para prestar dicho servicio, mediante franquicia concedida por la Comisión de Servicio Público de Puerto Rico en abril 9 de 1927 y aprobada por el Hon. Gobernador de Puerto Rico el 12 de abril del mismo año.''

Declarado culpable en la Corte Municipal, apeló para ante la de distrito y celebrado ante ella un nuevo juicio fué condenado a pagar una multa de cincuenta dólares y en defecto de pago a sufrir un día de cárcel por cada dólar que dejara de satisfacer.

De esa sentencia apeló para ante este Tribunal Supremo. Señala en su alegato dos errores cometidos a su juicio por la corte sentenciadora al declarar sin lugar cierta excepción perentoria que presentara y al estimar suficiente la prueba aportada por el Pueblo para condenarlo como autor de la infracción que le imputara.

██ De la transcripción aparece que después de haber declarado los testigos del Pueblo, dijo el abogado defensor del acusado:

''Presento una excepción perentoria por falta de hechos. Aquí de la faz de la denuncia aparece que el Decreto de la Comisión de Servicio Público fué publicado por medio de edictos en La Correspondencia y La Democracia en las fechas que se dicen en la denuncia; pero de la faz de la denuncia aparece que ese Decreto fué enmendado, sin que aparezca de la faz de la denuncia que esas enmiendas fueran publicadas, y para que surtan efecto deben ser publicadas. Por esas razones solicito la absolución perentoria del acusado.''

La excepción fué declarada sin lugar, con razón a nuestro juicio, primero por tardía y segundo porque no exigiendo la ley que las órdenes de la Comisión se publiquen en los periódicos, el hecho de que la orden particular de que se trata prescribiera que debía dársele publicidad en los

periódicos que especifica, no implica necesariamente que la enmienda tenía que ser de igual modo publicada.

El artículo 74 de la Ley (núm. 70) de Servicio Público de Puerto Rico, leyes de 1917, Vol. 2, págs. 433, 525, prescribe:

"Artículo 74.—*Notificación de órdenes finales.*—Toda orden final de la Comisión se notificará a cada compañía de servicio público a la cual afectare, en la forma que ahora se dispone por la ley para citaciones de individuos o corporaciones. La devolución de la orden diligenciada, se hará al secretario de la Comisión por la persona que notificare dicha orden, en la forma y manera que ahora se dispone por la ley para el diligenciamiento de citaciones; y copias certificadas de dicha orden se enviarán por correo certificado a todas las demás partes en el procedimiento en el cual se dictare o a sus respectivos abogados, pero el hecho de no haberse recibido dichas copias, por cualquiera de estas partes no impedirá que dicha orden sea definitiva y que rija en la fecha que en la misma se especifica."

Y hasta donde hemos sido informados por las partes y conocemos por nosotros mismos ésa es la ley que rige la materia, no existiendo ninguna otra, ni regla alguna de la Comisión, que exija para la validez de las órdenes de la misma su publicación en los periódicos.

No cometió, pues, la corte de distrito el primero de los errores que se le atribuyen. Tampoco cometió el segundo. Hemos examinado las declaraciones de Jorge Luis Maldonado, Evaristo Cruz y Alejandro Castillo y analizadas y pesadas en conjunto son a nuestro juicio suficientes para sostener la sentencia recurrida.

*Debe en tal virtud declararse sin lugar el recurso y confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.